**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CRAIG MORRIS,**

      **Petitioner,**

    **v.**                           **Case No. 2:05-cv-903
JUDGE FROST**

**CORRECTIONAL INSTITUTION,**

      **Warden,**                 **Magistrate Judge KEMP**

      **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice as unexhausted.

According to the petition, this case involves petitioner's April 1, 2004, convictions in the Franklin County Court of Common Pleas on five counts of felonious assault. Petitioner was sentenced to eleven years incarceration. Petitioner states that he filed an appeal to the Tenth District Court of Appeals; however, petitioner later states that an appeal was never filed, and the petition does not reflect that the state appellate court has ever rendered a decision regarding any appeal that was filed. Petitioner also states that he filed a petition for post conviction relief with the state trial court, in which he asserted denial of a fair trial due to prosecutorial misconduct and ineffective assistance of counsel. Petitioner fails to indicate the date such action was filed; however, he states that the trial court has not issued any ruling on his petition for post conviction relief for "almost one

year." *See Petition*, at 4.  Petitioner also indicates that he has filed a petition for a writ of mandamus with the state appellate court, requesting that the trial court be ordered to issue a ruling on his petition for post conviction relief.  Petitioner does not indicate that a decision on his petition for a writ of mandamus was ever issued.

On September 29, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
>
> The prosecution failed to submit previous evidence that one of the jurors offered a bribe to hang a verdict.
>
> 2.   Conviction obtained by action of a jury which was unconstitutionally selected and empaneled.
>
> Juror #12 offered a bribe and after such information was detected, the juror was still allowed to proceed and such verdict stood.
>
> 3.   Denial of effective assistance of counsel for failing to file an appeal after my jury trial and to represent me fairly by allowing a hung jury.
>
> 4.   Denial of right of appeal.
>
> After a guilty verdict from the jury I was deprived my right to appeal which to this day has yet to be filed.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim.  28 U.S.C. §2254(b), (c).  Moreover,

a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

To the extent that petitioner's claims are readily apparent from the face of the record, such claims would be raised properly on direct appeal. Assuming that an appeal has not yet been filed, although the time period for filing a timely appeal now has expired, petitioner may still seek a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A), which provides:

> (A) Motion by defendant for delayed appeal.
>
> (1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
> (a) Criminal proceedings;
>
> (b) Delinquency proceedings; and
>
> (c) Serious youthful offender proceedings.
>
> (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who

shall serve the notice of appeal and the motions upon the prosecuting attorney.

Petitioner must also file a timely appeal of any adverse decision in the state appellate court to the Ohio Supreme Court in order to exhaust state court remedies as to his claims.

To the extent that petitioner's claims are not readily apparent from the face of the record, such claims would be raised properly in a petition for post conviction relief pursuant to O.R.C. §2953.21. According to the petition, the trial court has yet to issue a decision on petitioner's petition for post conviction relief. Again, petitioner also must file a timely appeal of any adverse decision in the state trial court to the state appellate and Ohio Supreme courts.

Because it appears that petitioner still has available state court remedies as to all of his claims, the Magistrate Judge concludes that this action is unexhausted. Additionally, petitioner has failed to establish good cause for his failure to exhaust state court remedies as to all of his claims.

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be dismissed. If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

4

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge

5